IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

J & J Sports Productions, Inc.,

    Plaintiff,

v.

Sotero Enciso-Chavez, et al.

    Defendants.

Case No. 6:17-cv-01430-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff J & J Sports Productions, Inc. moves this Court for a default judgment and damages pursuant to Fed. R. Civ. P. 55(b)(2). Pl.'s Mot., ECF No. 17, 1. For the reasons set forth below, Plaintiff's motion, ECF No. 17, is GRANTED.

## BACKGROUND

Plaintiff brought this action against Defendants Sotero Enciso-Chavez and Soten LLC—operating as 7 Mares Restaurant and Bar ("7 Mares")—on September 11, 2017. Pl.'s Compl., ECF No. 1, 1. Plaintiff alleges that Enciso-Chavez, by himself or through his employees, directed or permitted 7 Mares to intercept, broadcast, and/or publish the *Floyd Mayweather Jr. v. Andre Berto WBA/WBC Welterweight Championship Fight Program* ("the program") on September 12, 2015. Pl.'s Compl. ECF No. 1, 4. Plaintiff had exclusive nationwide commercial distribution rights to the program and entered into sublicensing agreements throughout North America, including Oregon, permitting commercial establishments to publicly display the program. Pl.'s Compl., ECF No. 1, 4–5. Defendants did not enter into such an agreement. *See id.*

1 – OPINION AND ORDER

at 7. Plaintiff alleges that Defendants unlawfully intercepted, received, and exhibited the program in violation of Title 47 U.S.C. § 605, *et seq.* with full knowledge that it was illegal to do so. *Id.* at 5.

Plaintiff seeks $10,000 in statutory damages under § 605(e)(3)(C)(i)(II), $30,000 in enhanced statutory damages under § 605(e)(3)(C)(ii), $3,000 for trespass of chattels, and attorney's fees and costs under § 605(e)(3)(B)(iii). Pl's Mot., ECF No. 17, 3.

Plaintiff served Defendants by officer service to a manager at the establishment on September 21, 2017, and by mail on October 9, 2017. ECF Nos. 7 and 8. Plaintiff also effectuated service by officer service on September 21, 2017 and mail on October 9, 2017 to the last-known addresses of Sotero Enciso-Chavez and Soten LLC. ECF Nos. 9 and 10. Plaintiff then filed and served Defendants and their attorney, Scott Howard, by mail with a Notice of Intent to Take Default Against All Defendants on December 1, 2017. ECF No. 11. Mr. Howard briefly represented Defendants in this matter and allegedly contacted Plaintiff's representative to discuss the possibility of settlement. Pl.'s Mot., ECF No. 17, 4; Orr Decl., ECF No. 18, ¶ 13. Plaintiff filed a Motion for Entry of Default on January 19, 2018. ECF No. 12. This Court granted Plaintiff's Motion on February 12, 2018. ECF No. 13.

Defendants have not filed any responsive pleadings or notice of intent to appear.

## **STANDARDS**

A defendant must file a responsive pleading within 21 days of being served, or within 60 days if the defendant has timely waived service. Fed. R. Civ. P. 12(a)(1). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

After entering an order of default, the district court has discretion to issue a default judgment. *See* Fed. R. Civ. P. 55(b); *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 852 (9th Cir. 2007), *cert. denied*, 555 U.S. 937 (2008). This Court has "considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (per curiam) (footnote omitted). This Court may take the complaint's well-pleaded factual allegations as true, other than the amount of damages. *Id.* at 917–18 (citation omitted); *Huynh*, 503 F.3d at 854 (citations omitted); *see also* Fed. R. Civ. P. 8(b)(6). "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" *Huynh*, 503 F.3d at 854 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## **DISCUSSION**

### **I. Entry of Default Judgment**

In considering an entry of default judgment, this Court examines the seven *Eitel* factors:

(1) [T]he possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted).

First, the refusal to grant a default judgment would be prejudicial to Plaintiff. *See Eitel*, 782 F.2d at 1471. If this Court does not enter a default judgment in Plaintiff's favor, Plaintiff has no other recourse for recovery.

To satisfy factors two and three, Plaintiff must state a valid claim in a well-pleaded complaint. *See Eitel*, 782 F.2d at 1471. To establish a claim of unlawful interception of a satellite program, Plaintiff must demonstrate that it has a proprietary interest in the program and that Defendants unlawfully intercepted, received, published, displayed, and/or exhibited it without Plaintiff's authorization. *J & J Sports Prods., Inc. v. Segura*, No. 4:17-cv-05335-YGR, 2018 WL 1868271, at *3 (N.D. Cal. Apr. 19, 2018), *report and recommendation adopted*, No. 17-CV-05335-YGR, 2018 WL 2445293 (N.D. Cal. May 31, 2018); *see* § 605(a). Plaintiff need not show direct evidence that signal piracy occurred; circumstantial evidence is sufficient. *Id.* (citing *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008)).

Here, Plaintiff alleges that it had exclusive nationwide commercial distribution rights to the program and Encizo-Chavez—himself or through his employees—unlawfully intercepted and broadcasted the program at his establishment. Pl.'s Compl., ECF No. 1, 3–4. Plaintiff submitted statements from its company president, *see* Gagliardi Aff., ECF No. 19, and attorney, *see* Orr Decl., ECF No. 18, to this effect. Although Plaintiff could not determine the exact method of interception, an investigator witnessed seven televisions and a large screen projector displaying the program at 7 Mares. *See* Orr Decl., ECF No. 18-8, 1. Taking these allegations as true, Plaintiff has sufficiently stated a claim under § 605.

Regarding the fourth factor, there is up to $43,000 plus attorney's fees and costs at stake in this action. *See* Pl's Mot., ECF No. 17, 3. With respect to the fifth factor, there is no apparent material dispute of fact. Regarding the sixth factor, Defendants have not provided this Court with any explanation constituting excusable neglect. And lastly, although policy favors decisions on the merits, Defendants' failure to respond or appear has made such a decision impossible.

Therefore, the *Eitel* factors support an entry of default judgment.

**II. Damages**

Because the Court accepts as true all allegations in the complaint except those related to the amount of damages, Plaintiff must prove the amount of damages sought in this action. *See Heidenthal*, 826 F.2d at 917–18; *see also* Fed. R. Civ. P. 8(b)(6).

**A. Statutory Damages**

Plaintiff seeks $10,000 in statutory damages under § 605(e)(3)(C)(i)(II). Pl's Mot., ECF No. 17, 3. Section 605(e)(3)(C)(i)(II) allows statutory damages for each violation of §605(a) in the amount of $1,000 to $10,000. In *Joe Hand Promotions, Inc. v. Chavez*, the court based an award of statutory damages on the cost that the defendant would have incurred in order to legally sublicense the program. No. 6:17-cv-01596-JR, 2018 WL 3129319, at *2 (D. Or. June 25, 2018). Here, the cost to legally sublicense the program was $3,000. *See* Gagliardi Aff., ECF No. 19, ¶ 8; *see also* Pl.'s Compl., ECF No. 1, 8. Therefore, this Court awards Plaintiff $3,000 in statutory damages.

**B. Enhanced Statutory Damages**

Plaintiff also seeks $30,000 in enhanced statutory damages under 605(e)(3)(C)(ii). Pl's Mot., ECF No. 17, 3. Section 605(e)(3)(C)(ii) allows courts to award an additional $100,000 or less for each violation of §605(a) that was "committed willfully and for purposes of direct and indirect commercial advantage or private financial gain."

Some courts use a multiplier to determine enhanced statutory damages based on the underlying statutory damages award. In *Segura*, for example, the court used a three times multiplier where defendant, who was a repeat offender, displayed a program on two screens and approximately thirty patrons were present. 2018 WL 1868271, at *6. Similarly, the court in *J & J Sports Prods., Inc. v. Chauca* used a three times multiplier where defendants broadcast a

program on three televisions, imposed a cover charge, and advertised the showing of the program. No. CV 14-6891, 2015 WL 7568389, at *8–10 (E.D. Pa. Nov. 25, 2015).

There are no set factors the court must consider in determining enhanced damages. The court in *Chavez*, for example, considered whether plaintiff suffered significant actual damages and whether defendants repeatedly violated the statute, made substantial monetary gains, advertised for the intended broadcast of the event, or charged a cover charge or premiums for food and drink. 2018 WL 3129319, at *2 (citing *Joe Hand Promotions, Inc. v. Gonzales*, 2015 U.S. Dist. LEXIS 14763, at *12–13 (E.D. Cal. 2015)). In *Chavez*, there was no evidence of prior violations, significant earnings by defendants, or a cover charge, but plaintiff suffered significant damages and defendants were able to charge a premium for food and drink. 2018 WL 3129319, at *2. Accordingly, the court rejected plaintiff's request for $20,000 and awarded $5,000 in enhanced statutory damages against each defendant for a total of $10,000. *Id.* at *3.

Here, Defendants are the very same defendants as in *Chavez*, rendering them repeat violators.[1] This time, however, Defendants made substantial monetary gains. Plaintiff submitted evidence that Defendants charged a $10 cover, displayed the program on eight screens, and admitted 150 patrons. Orr Decl., ECF No. 18-8, 1–2. Therefore, Defendants profited at least $1,500 or more on admittance alone. Plaintiff also suffered significant actual damages because Defendants did not pay $3,000 to sublicense the program. *See* Gagliardi Aff., ECF No. 19, ¶ 8; *see also* Pl.'s Compl., ECF No. 1, 8. Conversely, there is no evidence that Defendants advertised the event or increased their food and drink prices. Further, the cost for Defendants to legally sublicense the program was less than in *Chavez*.

---

[1] Defendants' alleged violation in *Chavez* occurred on November 21, 2015. 2018 WL 3129319, at *1. The alleged violation in this case occurred on September 12, 2015. Pl.'s Mot., ECF No. 17, 2. Although the alleged violation here occurred more than two months before the violation in *Chavez*, the fact remains that Defendants are repeat violators.

6 – OPINION AND ORDER

Given these factors and the egregiousness of Defendants' violation compared to *Segura*, *Chauca*, and *Chavez*, a five times multiplier is appropriate here. Accordingly, this Court awards Plaintiff $15,000 in enhanced statutory damages.

## C. Trespass to Chattels

Plaintiff requests $3,000 for trespass to chattels, the amount it would have cost to legally sublicense the program. Pl.'s Mot., ECF No. 17, 3; *see* Gagliardi Aff., ECF No. 19, ¶ 8; *see also* Pl.'s Compl., ECF No. 1, 8. Plaintiff's claim is more accurately stated as one for conversion because it alleges complete interference with its property and requests the full value of it at the time of the violation. *See J & J Sports Prods., Inc. v. Gonzalez*, No. 1:17-CV-00678-CL, 2017 WL 6945169, at *4 (D. Or. Sept. 19, 2017), *report and recommendation adopted*, No. 1:17-CV-00678-CL, 2018 WL 411341 (D. Or. Jan. 11, 2018) (citation omitted). It would be duplicative and excessive to award Plaintiff damages for conversion in addition to statutory and enhanced statutory damages for the same underlying conduct. *See id.* (citing *J & J Sports Prods., Inc. v. Rafael*, No. CIV S–10–1046 LKK GGH, 2011 WL 445803, at *2 (E.D. Cal. Feb 8, 2011)). Therefore, Plaintiff's request for $3,000 for trespass to chattels is denied.

## C. Attorney's Fees and Costs

Lastly, Plaintiff requests attorney's fees and costs. Pl.'s Mot., ECF No. 17, 3. Section 605(e)(3)(B)(iii) allows the Court to award full costs, including reasonably attorney's fees to the prevailing party. Plaintiff has not yet submitted its full motion for costs. However, this Court will grant Plaintiff reasonable attorney's fees and costs.

## CONCLUSION

For the above reasons, Plaintiff's motion for Default Judgment and attorney's fees and costs, ECF No. 17, is GRANTED. Plaintiff is entitled to:

  a. $3,000 in statutory damages;

  b. $15,000 in enhanced statutory damages; and

  c. Attorney's fees and costs, as the Court deems appropriate.

IT IS SO ORDERED.

  DATED this 24th day of October, 2018.

           _____s/Michael J. McShane_____
             **Michael J. McShane**
            **United States District Judge**